UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SOUTHERN GLAZER'S WINE AND SPIRITS, LLC, AND SOUTHERN GLAZER'S WINE AND SPIRITS OF MINNESOTA, LLC, | Civil No. 21-1254 (JRT/JFD) |
| Plaintiffs, | |
| v. | |
| JOHN HARRINGTON, *in his capacity as Commissioner of the Minnesota Department of Public Safety*, | **MEMORANDUM OPINION AND ORDER DENYING INTERVENOR DEFENDANTS' MOTION TO VACATE** |
| Defendant, | |
| v. | |
| JOHNSON BROTHERS LIQUOR COMPANY, AND BELLBOY CORPORATION, | |
| Intervenor Defendants. | |

Peter J. Schwingler and William Thomson, **STINSON LEONARD STREET LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for plaintiffs;

Jennifer L. Olson, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, for defendant;

Forrest Tahdooahnippah, Nicholas J. Bullard, Steven J. Wells, and Vanessa J. Szalapski, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402; James T. Smith, **HUFFMAN, USEM, CRAWFORD & GREENBERG, PA**, 5101 Olson Memorial Hwy., Suite 1000, Golden Valley, MN 55422, for intervenor defendants.

Daniel N. Rosen, **ROSEN LLC**, 60 South Sixth Street, Suite 3615, Minneapolis, MN 55402, for amicus curiae Kick's Liquor Store, Inc., Zipp's Liquor Store,

Inc., John Wolf Enterprises, Inc., JPG Corporation, and Keith and Linda's Place, Inc.

This matter is before the Court upon the motion by Intervenor Defendants Johnson Brothers Liquor Company and Bellboy Corporation (together, "Intervenors") for vacatur of the Court's March 29, 2022 Order holding that the a previous version of Minn. Stat. § 340A.307—otherwise known as the Coleman Act—unconstitutionally violated the dormant Commerce Clause.  Because the Court's previous Order has no legal consequences or binding effect, the Court with deny Intervenors' motion.

## BACKGROUND

The background of this action is fully set out in the Court's March 29, 2022 Order, and the Court recites only those facts necessary for disposition of the instant motion. (Mem. Opinion Order Granting Mot. J. Pleadings ("Order") at 1-3, Mar. 29, 2022, Docket No. 166.)

On May 19, 2021, Southern filed the Complaint in this case seeking both a declaration that the Coleman Act is unconstitutional and an injunction against future enforcement.  (Compl. ¶¶ 27–36, May 19, 2021, Docket No. 1.)  Defendant John Harrington in his capacity as Commissioner of the Minnesota Department of Public Safety ("the State") agreed that the Coleman Act violated the dormant Commerce Clause. (Pls.' Mem. Supp. Mot. J. Pleadings at 3, Oct. 12, 2021, Docket No. 86.)  Southern and the State filed a Joint Motion for Stipulated Judgment, asking the Court to enter a declaratory judgment and injunction. (*Id*. at 3–4; Joint Mot. Stip. J, May 21, 2021, Docket

No. 10.) Intervenors moved to intervene as defendants due to their interest in defending the Coleman Act. (Intervenor Defs.' Mem. Supp. Mot. Intervene at 3–4, June 4, 2021, Docket No. 20.) While Southern and the State's Joint Motion was pending, Southern also filed a Motion for Judgment on the Pleadings. (Pls.' Mot. J. Pleadings, Oct. 12, 2021, Docket No. 84.)

On March 29, 2022, the Court filed its Memorandum Opinion and Order Granting Plaintiffs' Motion for Judgment on the Pleadings in which it specified: "Entry of judgment is STAYED for sixty (60) days pending the resolution of the proposed legislation in the Minnesota Legislature." (Order at 29.) The Clerk of Court subsequently filed a document entitled "Judgment in a Civil Case" and the CM/ECF docket reflected that Judgment was stayed until May 30, 2022. (J., Mar. 30, 2022, Docket No. 167). At Intervenor's request and to remove all doubt about the status of the Judgment in this case, the Court subsequently entered an additional Order clarifying that the Judgment was stayed in accordance with the March 29, 2022 Order. (Order, Apr. 12, 2022, Docket No, 172.) On April 27, 2022, Intervenors moved for "relief from clerical mistake" and requested that the Court vacate the stayed Judgment docket entry. (Intervenor Defs.' Mot. Relief, Apr. 27, 2022, Docket No. 173; Intervenor Defs.' Mem. Supp. Mot. Relief at 5, Apr. 27, 2022, Docket No. 175.) The very same day, Intervenors also attempted to appeal the stayed Judgment, but the Eighth Circuit concluded that the appeal was premature and dismissed it for lack of jurisdiction. (Notice of Appeal, Apr. 27, 2022, Docket No. 179; J.

Dismissing Appeal at 1, May 5, 2022; Docket No. 182.)

While the stay was in effect, the Minnesota legislature amended the Coleman Act effective on May 23. 2021 MN Chapter 86, SF3008. All parties to this case agree that once the legislation took effect, the case was mooted and that entry of the Judgment should be prevented and the Judgement vacated. Intervenors, however, now ask the Court to go a step further and vacate the March 29 Order itself. Because Southern and the State opposed vacatur, the Court ordered the parties to submit simultaneous briefs on the issue and extended the stay until June 29, 2022[1]. (Order Extending Stay, May 31, 2022, Docket No. 189.)

## DISCUSSION

On appeal in the Eighth Circuit, vacatur is the "normal practice when a case has been rendered moot by events outside the parties' control." *Teague v. Cooper,* 720 F.3d 973, 978 (8th Cir. 2013). As the Supreme Court has explained, "the point of vacatur is to prevent an unreviewable decision from spawning any legal consequences." *Camreta v. Greene*, 563 U.S. 692, 713 (2011) (quotation omitted). Thus, in these circumstances, vacatur "rightly strips the decision below of its binding effect and clears the path for future relitigation." *Id*. "[T]he determination [of whether to grant vacatur] is an equitable

---

[1] On June 29, 2022, Intervenors filed a motion requesting the Court continue the stay. (Motion to Stay, June 29, 2022, Docket No. 194.) The Court will deny Intervenors' motion as moot.

4

one[.]" *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994). And such a determination relies heavily on the circumstances involved in each case. *Id*.

Although Intervenors have correctly described the vacatur practice of **appellate courts** when a case becomes moot on appeal, they have failed to establish that a **district court** is required to assume the same role and abide by the same practices when a case becomes moot before judgment has been entered. *Toole v. Krueger*, No. No. 12–2445, 2013 WL 1249229, at *2 (D. Minn. Mar. 26, 2013) (noting that a movant's argument in favor of vacating an order "essentially invites this Court to take on the role of an appellate court" and declining to assume such a role).

Intervenors attempt to argue that *Teague* is binding Eighth Circuit precedent requiring the Court to vacate its March 29 Order. However, in *Teague*, judgment was entered, enforcement of the judgment was stayed pending appeal, and the case was thereafter mooted by legislative changes after the issues pending appeal had been fully briefed and argued but not decided by the Eighth Circuit. *Teague,* 720 F.3d 978. Unlike *Teague*, judgment has never been entered in this case and there are no "legal consequences" or "binding effect" that can reasonably be expected to result from the Court's March 29, 2022 Order. *Camreta*, 563 U.S. at 713. Because vacatur strips the decision below of its binding effect and prevents an unreviewable decision from spawning any legal consequences, *Teague* does not stand for the proposition that a district court should vacate its own order mooted by legislative action before judgment has ever been

entered. Moreover, "[t]he Court is unaware of any authority suggesting that, after a case has become moot, a district court should go back and vacate an order that one of the parties does not like—not because the order continues to bind the party, but because the party is afraid that the order be read and will plant ideas in the heads of future litigants," *Toole*, 2013 WL 1249229, at *2.

Even if Intervenors had directed the Court to applicable authority suggesting that vacatur by a district court of an order without legal consequence is an appropriate remedy, "vacatur is an equitable remedy, not an automatic right" and the party seeking vacatur must show both that they are not at fault for the mootness and that vacatur is in the public interest. *U.S. Bancorp,* 513 U.S. at 26; *Moore v. Thurston*, 928 F.3d 753, 758 (8th Cir. 2019).

Here, Intervenors have not shown that vacatur is in the public interest. "In considering the public interest, we recognize that judicial precedents are presumptively correct and valuable to the legal community as a whole and generally should be permitted to stand." *Moore*, 928 F.3d at 758 (quotation marks and citation omitted). Intervenors suggest that there is a risk of confusion regarding whether the Court's March 29, 2022 Order ever had the force of law because it does not reflect that legislative action mooted Southern's claims before judgment was entered. The Court is not persuaded. In addition to the fact that the Court's March 29, 2022 Order explicitly acknowledged that there was pending legislation that could moot the case and that entry of judgment would be stayed,

6

the public, by way of the Court's statements in this very Order, is now privy to an updated recitation of the procedural posture of the March 29 Order. If the March 29 Order was not clear enough itself, the Court is confident that the contents of this Order remedy any risk of confusion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Intervenors' Motion for Vacatur [Docket No. 185] is **DENIED**;

2. Intervenors' Motion for Relief from Clerical Mistake [Docket No. 173] is **DENIED AS MOOT**;

3. Intervenor's Motion to Stay [Docket No. 194] is **DENIED AS MOOT**;

4. The Judgment in this case [Docket No. 167] is **VACATED**.

DATED: June 29, 2022
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
Chief Judge
United States District Court